**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| JOHN DOE, | ) <br> ) |
| *Petitioner,* | ) <br> ) |
| | )    Civil Action No. <u>1:26-cv-02041-SAG</u> |
| v. | ) <br> ) |
| MARKWAYNE MULLIN, *et al.* | ) <br> ) |
| *Respondents* | ) <br> ) |

### ORDER GRANTING PETITIONER'S RENEWED MOTION FOR PRELIMINARY INJUNCTION

Upon consideration of Petitioner John Doe's Renewed Motion for Preliminary Injunction, the supporting Memorandum of Law, the First Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief and the exhibits attached thereto, and the entire record herein; and the Court having found on the record during the August 4, 2026 motions hearing that immediate and irreparable injury will result to Petitioner; and the Court having further found that Petitioner has shown a likelihood of success on the merits of his claims under the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the implementing regulations at 8 C.F.R. §§ 208.31 and 1208.31; that Petitioner is likely to suffer irreparable harm absent relief; and that the balance of equities and the public interest both strongly favor injunctive relief; it is hereby **ORDERED** that:

1. **Renewed Motion for Preliminary Injunction Granted.** Petitioner's Renewed Motion for Preliminary Injunction is **GRANTED** for the reasons stated on the record at the hearing.

1

2. **Re-Detention Enjoined.** Respondents, and all persons acting in concert or participation with them or under their direction or control, including the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, the ICE Baltimore Field Office, and any contractors or law-enforcement agencies acting on their behalf, are **ENJOINED AND RESTRAINED** from arresting, taking into custody, re-detaining, or revoking the Order of Supervision of Petitioner John Doe, whether at his September 1, 2026 supervision check-in or at any other time, unless and until (a) Respondents have provided Petitioner with reasonable advance written notice and a pre-deprivation hearing before a neutral adjudicator at which Respondents bear the burden of demonstrating that re-detention is necessary to mitigate flight risk, to prevent danger to the community, or to facilitate Petitioner's lawful and imminent removal; (b) Respondents have complied with the notice, individualized changed-circumstances determination, and informal-interview requirements of 8 C.F.R. § 241.13(i)(1)–(3); and (c) the Court has had an opportunity to adjudicate Petitioner's claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), that his removal is not significantly likely in the reasonably foreseeable future.

3. **Removal Enjoined.** Respondents, and all persons acting in concert or participation with them, are **ENJOINED AND RESTRAINED** from removing, deporting, or causing the removal of Petitioner from the United States (i) to El Salvador, while his order of withholding of removal under the Convention Against Torture remains in effect; and (ii) to Mexico or to any other country, unless and until Respondents have (a) provided Petitioner with written notice, in a language Petitioner can understand, of the country to which they intend to remove him; (b) afforded Petitioner a meaningful opportunity to be interviewed by an asylum officer to present a fear-based claim under the Convention

Against Torture and the implementing regulations at 8 C.F.R. § 208.31 and 8 C.F.R. § 1208.31 as to that country; (c) afforded Petitioner fourteen (14) days after any negative reasonable-fear determination to present to this Court the issue of whether he is entitled to further review before removal.

4. **Bond Required.** The Court finds that $1.00 security under Federal Rule of Civil Procedure 65(c) is required. It notes that Respondents will suffer no cognizable harm from being enjoined to comply with the Constitution and their own regulations.

5. **Retention of Jurisdiction.** The Court retains jurisdiction over this matter to enforce the terms of this Order and to issue such further orders as may be necessary or appropriate. The parties are ordered to provide a joint status report to this Court within 48 hours of any reasonable fear determination.

**IT IS SO ORDERED.**

August 4                    , 2026                                    /s/
_____                          _____
                                                 HON. STEPHANIE A. GALLAGHER
                                                 United States District Judge

3